UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
    v.                              )   Cr. No. 13-62 S
                                    )
[1] WISSAM KHALIL and               )
[2] BASSAM KHALIL,                  )
                                    )
        Defendants.                 )
_____ )

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Defendants Wissam Khalil and Bassam Khalil have pled guilty to various crimes, including contraband cigarette trafficking in violation of 18 U.S.C. § 2342. (See Judgment Orders, ECF Nos. 197, 198.) As part of their sentence, this Court ordered that both Defendants pay restitution, but left the restitution amount unresolved in the hopes that the parties could come to an agreement. (Order Rest., ECF No. 204.) The parties have been unable to do so, and the Government moves for an order compelling Defendants to commence making restitution payments. (Gov't Mot. Enforce, ECF No. 206.) Defendants have filed an Objection to the Government's Motion (ECF Nos. 214, 216) to which the Government has filed a Reply (ECF No. 215). This Court held an evidentiary hearing on the motion on February 24, 2017.

For the reasons set forth herein, the Government's Motion to Enforce (ECF No. 206) is DENIED without prejudice.

I. Defendants' Objections to Restitution

Defendants Wissam Khalil and Bassam Khalil have provided several arguments for why they should not be required to pay restitution. Each of Defendants' arguments are addressed below.

A. Plea Agreement

Defendants argue that the Court cannot order restitution because their plea agreements do not provide for the imposition of restitution. The Court disagrees. The First Circuit has consistently held that courts should interpret plea agreements as they would ordinary contracts, subject to certain limitations. See, e.g., United States v. Alegria, 192 F.3d 179, 183 (1st Cir. 1999) ("If a plea agreement unambiguously resolves an issue, that usually ends the judicial inquiry.") Paragraph Two Section C of both Defendants' plea agreements states, "[t]he government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate." (Plea Agreement 2, ECF Nos. 170, 171.) This language is unambiguous: the Court may order restitution. See United States v. Caramadre, 807 F.3d 359, 378-79 (1st Cir. 2015) (reviewing identical plea agreement language and holding that "[t]he clear implication of this statement is that restitution would be part of [the Defendant's] sentence").

2

Moreover, even absent specific language in the plea agreement, the Court has independent authority to impose restitution. 18 U.S.C. § 3663 states, in part, that "[t]he court, when sentencing a defendant convicted of an offense under this title . . . may order . . . that the defendant make restitution to any victim of such offense . . . ." The First Circuit, citing this statute, has held "[t]hat restitution is a part of [the Defendant's] sentence scarcely can be doubted." Caramadre, 807 F.3d at 378. Therefore, without even looking to the language of Defendants' plea agreements, the Court is free to impose an order of restitution.

B. Statutory Requirements

The second issue raised by Defendants is whether the Government complied with the notice requirements in 18 U.S.C. § 3664(d)(2)(A)-(B).[1] The two victims in this case are the State of Rhode Island and the Commonwealth of Virginia. (P.S.R. for Bassam Khalil ¶ 27, ECF No. 180; P.S.R. for Wissam Khalil ¶ 44, ECF No. 182.) Defendants do not dispute that the Government provided both victims with a "Declaration of Victim Losses" form. That form provides victims with information regarding the

---

[1] Section 3664(d)(2)(A) provides that "[t]he probation officer shall, prior to submitting the presentence report under subsection (a), to the extent practicable provide notice to all identified victims . . . ." Section 3664(d)(2)(B) further requires that the probation officer "provide the victim with an affidavit form to submit."

3

losses sustained and an opportunity to submit an affidavit. (Id.) The Government has therefore complied with the notice requirements set forth in section 3664(d)(2)(A)-(B).

C. Restitution to the Commonwealth of Virginia

Defendants' third argument is that the amounts allegedly owed to the State of Virginia "were in fact paid." (Def.'s Resp. ¶ 3, ECF No. 214.) The Government disputes that assertion, but "concedes" that "despite repeated attempts to secure a declaration of loss from the Commonwealth of Virginia, no such document was produced." (Gov't Rebuttal ¶ 3, ECF No. 215.) Therefore, the Government is not seeking, and the Court will not order, restitution for the Commonwealth of Virginia.

D. Possible Mitigating Factors

The fourth issue raised by Defendants is whether the Court should reduce the amount of Defendants' restitution because law enforcement, as part of this case, seized Defendants' vehicle and cash. By statute, the Court must consider "the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3663(B)(i)(II). However, "[t]he burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall be on the defendant." 18 § U.S.C. 3664(e). Here, Defendants do even not argue that the

4

seized vehicle and cash must be considered because of Defendants' "financial resources" or the "financial needs and earning ability of" Defendants and their dependents. (See ECF Nos. 214, 216.)

The Court therefore need only consider the Defendants' seized property as it "deems appropriate." Defendants fail to cite any authority for the proposition that a defendant's loss, incurred because of criminal forfeiture, is an appropriate consideration in ordering restitution. Furthermore, the Court finds that providing a credit against restitution for seized items in this case would inhibit the "objective" of restitution, which is "to make the victim whole." See United States v. Salas-Fernandez, 620 F.3d 45, 49 (1st Cir. 2010); United States v. Acosta, 303 F.3d 78, 86 (1st Cir. 2002) ("The purpose behind the statute is to insure that the wrongdoer make good, to the degree possible, the harm he has caused to the victim.") (citation and internal quotations omitted). As such, the Court declines to use the property seized from Defendants as a basis for reducing the amount owed in restitution.

E. Scope of the Conspiracy

The final issue is whether Defendant Wissam Khalil should be liable for any restitution amount incurred after June 1, 2012. Defendant Wissam argues that he effectively terminated his role in the conspiracy on June 1, 2012 by passing title of his

store to his brother. However, this argument must fail based on a plain reading of Defendant Wissam's plea agreement, which expressly acknowledges that Defendants carried out the conspiracy from "January 1, 2012 to May 6, 2013." (Plea Agreement at 4, ECF No. 170.) By defining the scope of the conspiracy using this period, Defendant Wissam conceded that the conspiracy continued until May 2013.

Moreover, even without the language in the plea agreement, the Court finds insufficient evidence that Defendant had effectively withdrawn from the conspiracy as of June 1, 2012. The First Circuit has held that "in order to withdraw from a conspiracy, 'a conspirator must act affirmatively either to defeat or disavow the purposes of the conspiracy.'" United States v. Piper, 298 F.3d 47, 53 (1st Cir. 2002) (quoting United States v. Juodakis, 834 F.2d 1099, 1102 (1st Cir. 1987)). A defendant cannot make a successful withdrawal based on a "mere cessation of activity in furtherance of a conspiracy." United States v. Munoz, 36 F.3d 1229, 1234 (1st Cir. 1994) (quoting United States v. Nason, 9 F.3d 155, 162 (1st Cir. 1993)). Instead, in order to assert this "demanding defense," a defendant must provide "affirmative evidence," United States v. Potter, 463 F.3d 9, 20 (1st Cir. 2006), through either a "full confession to authorities or a communication by the accused to

6

his co-conspirators that he has abandoned the enterprise and its goals." Munoz, 36 F.3d at 1234.

In this case, Defendant Wissam argues that his liability in the conspiracy ended when he transferred title of his business. But Defendant Wissam, in order to properly withdraw from the conspiracy and preclude continuing liability, must have taken further steps to prevent continued pecuniary harm to the State of Rhode Island. Without such action, Defendant Wissam is liable for any future financial harm that the conspiracy causes, including tax losses incurred after June 1, 2012.

II. The Government's Restitution Request

The Government requests that this Court order "each defendant to immediately begin making restitution payments." (Gov't Mot. to Enforce 2, ECF No. 206-1.) While the Court agrees that Defendants owe restitution, (see Order Rest., ECF No. 204), the amount of restitution has not been established. The burden is on the Government to present evidence "demonstrating the amount of the loss sustained by a victim." 18 § U.S.C. 3664(e). Because the Court has not yet had an evidentiary hearing on this matter, the Government's Motion must be denied at this time.

III. Conclusion

For the reasons described above, the Government's motion to enforce the restitution order (ECF No. 206) is DENIED without prejudice. The parties are hereby ORDERED to submit to the

7

Court, within 14 days, either a stipulation as to restitution or notice that no stipulation can be agreed upon. In the absence of a stipulation, the Court will hold an evidentiary hearing to establish restitution.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: May 9, 2017